FILED

APR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY LYLE LASKO, # 11894-052

FCI-Schuylkill **Plaintiff**

POB 759

v.

Minersville, PA 17954-0759

THOMAS P. WALSH, ASST. US ATTY;
THE VESTAL POLICE DEPT; THE NY STATE
POLICE; TIOGA CO. SHERIFF'S DEPT.;
THE DRUG ENFORCEMENT AGENCY(DEA);
BROOME CO. SHERIFF'S DEPT.

**Defendants**

[With The Above Defendants  Sued In
Their Respective; Individual And
Official Capacities, Personally And
Professionally, Collectively and
Individually ]

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. _____
[To Be Assigned]

"A Civil Rights Complaint"

Wi̲t̲h̲ ̲J̲u̲r̲y̲ ̲T̲r̲i̲a̲l̲ ̲D̲e̲m̲a̲n̲d̲e̲d̲

Case: 1:07-cv-00787
Assigned To : Unassigned
Assign. Date : 4/30/07
Description: PRO SE GEN. CIVIL

JURY
ACTION

CASE REASSIGNED
TO: SULLIVAN
JUL 1 5 2007

**COMES NOW,** the above cited Plaintiff, Lasko and respectfully
files this civil action, according to the data and legal proceedings
as detailed herein to include; EXHIBITS A,B,C,D,E .

## I.  JURISDICTION

This Court has jurisdiction to and for this filing and complaint
as pursuant to and under; Title 28 USC § 1331, and 42 USC § 1983 as per
and following the "Freedom Of Information Act" (5 USC § 552), and as
amended by the ways and means of the U.S. Constitution, as in accordance
with the provisions of the 1st, 5th and 14th Amendments of same. Also

RECEIVED

APR 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

1

as per the Federal Rules Of Evidence(which were violated in the herein Plaintiff's case, and necessitated the filing of this action to obtain that data which while previously purposefully witheld by the named Defendant sources, would have led to illustrating the Plaintiff's mitigated guilt and role in a related federal criminal prosecution still pending on Direct Appeal); Rule 1101, AND wherein Brady material was denied with these actions, thereby being transformed into an also 6th Amendment violation, leaving the Plaintiff unable to adequately and as based on witheld fact(s) defend himself or exercise his right to appeal, etc. Also being an 8th Amendment later violation making all of the above a "cruel and unusual punishment" for the Plaintiff to unnecssarily endure. Hence the filing of this warranted action herein.

## II.  PARTIES ACTIVE

1) The Plaintiff, Larry Lyle Lasko is an inmate who is currently housed at FCI Schuylkill in Minersville, Pa. AND now brings the instant action in Pro-Se Form and Fashion, as according to Haines v. Kerner universal principles. This, being to the best of his layman's ability and resources from incarceration with restrictions.

2) Defendant (1) Thomas P. Walsh is currently employed at the Office Of The U.S. Attorney as located at 15 Henry St. No. 319 Federal Building in Binghamton, NY 13901. He is an Assistant U.S. Attorney and was material at all times, to the Plaintiff's case(s), officially.

-2-

3) Defendant; The Federal Drug Enforcement Admin. (DEA) This agency of Owego, NY and as addressed at or to: No.103 Corporate Drive, Owego, NY 13827. This agency was and is material to the herein matter and all origins thereof at all times.

4) Defendant; The New York State Police (NYS SP), and its Department Of Investigation(s) as located at Owego Town Hall, RR#1 Box 1240-A, Route 434 West 17 C, Apalachin, NY 13732-9801. This agency was material at all times to the action stated herein.

5) Defendant; The Tioga County Sheriff's Dept., Investigative Branch or Office as located at 103 Corporate Drive in Owego, NY 13827. This police agency was material as noted in the previous at all times.

6) Defendant; The Broome County (NY) Sheriff's Dept. Of Investigation (BCSI)/Address: Public Safety Bldg. Front St. in Binghamton, NY 13905. Was and is material as explained at all times to this action.

7) Defendant; The Vestal Police Dept. (VPD) as located at the address of: Vestal Town Hall, Rte. 434 West 17C in Vestal, NY 13850. Also seen as material at all times to this action, etc.


III.  **Nature Of Actions And Jurisdictions**


8) This action is one taken against all Defendants above as named and titled, and as filed under Title(s) 28 USC § 1331 (Bivens) and 42 USC § 1983; as being against the parties as cited, and as it pertains to their actions in the form of denials of information which forms part of my criminal case's file and the public record

as compiled in the exercise of each and every Defendant agency named
herein, as part of their investigation(s) relating to my person.
This and the violation of Constitutional law that said denials to
give to me that information which I seek which was generated as they
investigated my person or those as also associated with me and or my
federal case and its adjudication and sentence.

Acts as carried out by the Defendants and so realized
while they, the Defendants acted in their scope of duty(ies), place
and charge of employment and common practice for and in the field of
the investigation of criminal matters and cases, under the color of
law. And acts as carried out specifically between January of the year
2002 and February of 2003. Thus, quoting F. Rules Of Evid. § 1101 (d)
(1)(2)(3) regarding the subject of preliminary questions of fact
and **wherein the named Defendants FAILED to produce all documents
pertaining to thier investigation(s) as they related to my person
and case,** and as are sought by this herein noted and to be continued,
instant civil action filing to compell the discovery and turning over
of same to me forthwith, so as to be used in my instant federal crim-
inal case, separate from this action, and for sentence mitigation
purposes thereto, etc.[See: Exhibits A,B as attached .] The above which
was not realized prior to trial as dictated by law and practice, and
thereafter noted. Exhibit A₁ was forwarded To A₂ 'dated'
See, Atempts, April 2007 ., back To Dec 27, 2006/ 2005

## IV.  Material Facts

9) The Plaintiff was arrested (Lasko) on jan. 29, 2003 by
the NY State Police and others later to be charged with [in a Federal
Complaint(Criminal)]; this being for the Manufacture and Conspiracy

-4-

thereto for Methamphetamine in violation of Title 21 USC § 846(a)(1)
and 841 (b)(1)(B), as allegedly took place between and on or about,
the dates of June 2002 and January 2003, being for a quantity of
500 or more grams.[See: Exhibit C, "Cover Page"]

10) In the Criminal Complaint Docket numbered 3:03-CR-00210-
TJM-ALL,[3:03-CR-00166-001] or the "related case", and initial Case
Number of 3:03-mj-00034g; ALL DEA Reports are labeled as;([3]File
No. CO-03-0048) ([6]File Title Lasko, Larry et al) [See: Exhibit C at 1]

11) On January 29, 2002, the herein Plaintiff, Lasko was
a passenger in a later disabled vehicle[See: Docket No. 30 at 5;
Paragraph(s) 16-22]. Wherein they, the actors here previously the
target of a "manufacturing" investigation.[Also See: Exhibit D at
2, Paragraphs 9-17] Subjects: Robert Ricci, mark Helton, and others
were cited in this investigative material.[See: Exhibit E at 2; Para-
graphs 16-on, at 3 to end]

12) Several germain and vital to either defense or later
sentencing issues as related to the above and here, witheld infor-
mation which is sought via civil action obligation instantly were
indeed and as documented, made by the herein Plaintiff and then also
criminal defendant, Lasko federally, as made with his layman's know-
ledge as to the applicable rules of the court, all of which were
(and remain) sub-par. [See: Criminal Docket Item No. 22, dated
March 24, 2003; Item No. 28 of 5/08/03; No. 33 of 6/05/03, and No.
36 of 7/03/03 as well as others, to include Discovery requests
which have continuously made[and deemed "none to be disclosable"
by the operative U.S. Attorney's office in the case, etc.

13) On Oct. 20, 2003, the Plaintiff's federal criminal trial began. In said trial, and as to the Cross-Examination(s) of The NY State Police Investigator present and called; Agent Scott Pauly, testified as to his knowledge regarding an ongoing "prior" investigation related to the herein, etc. [See: Criminal Doc. No. 88 at 100; Paragraph Nos. 16-25, etc. in support] [Also See: Exhibit E as attached ]

14) At Page 101, NY State Police Investigator Scott Pauly can be found as outright, "lying" where he states under oath that (Leo Camp) is not associated with Lasko or the investigation of the drug case at hand. Pauly further states in continued perjury (as can be verified by case and investigative content) that Camp is also not associated with Lasko, Helton or Ricci. [See: Paragraph(s) 1-25  to identify this contradiction as located at Doc. 8 [Helton's Debriefing] as contained in Crim. Doc. No. 03-CR-210, And See; Exhibit C at 1. Most disturbingly as it relates to these lies and to the actual happenings of the Plaintiff here's criminal case is that Leo Camp, Jr. WAS SHOT AND KILLED (under just as bizarre and questionable circumstances) 18 DAYS OR SO BEFORE THE HEREIN PLAIN-TIFF'S federal criminal trial. This constitutes a cover-up of various circumstances as were prohibited from being revealed at trial and which were later further deflected from in the authorities refusal to turn over data (as is sought by this action, compellingly) to the Plaintiff as was requested.

Likewise, as dating back to the charging dates for the Plaintiff's federal criminal charges; some time around June/July of 2002, Marc Helton's brother-in-law; a Mr. James Rogers,Jr.

HAD BEEN SHOT IN THE HEAD WHILE IN HIS OWN HOME. Although Mr. Rogers

here was <u>not killed</u>, he also owns a home on the west side of the

Helton's house and property. This locale is where Ricci and Leo

Camp (who was killed) had lived prior to and in June / July of 2002

as noted, and where (related to my case integrally) case subject

Casandra Kittle was introduced to "meth" by the later deceased

Leo Camp and Robert Ricci. As germain to the entire case, Casandra

Kittle was also James Roger's girlfriend. This data if properly

established makes a great and constitutionally bound difference in

the herein Plaintiff's federal criminal case. Further details avail-

able upon demand by the instant court, are too lengthy to note

here and can be brought forth in future pleadings if so desired by

the court itself to justify decision in the Plaintiff's favor;

thereby remedying his criminal case and sentencing, appeal etc.

stance which remains as pending at this date of filing.

15) The herein Plaintiff, Lasko has filed no other actions

as to these proceedings, procedures or happenings since deflected

from same by the authorities active in his federal criminal case,

nor has involved any other judiciary with the exception of the

present court, principally due to his inexperience with and lack of

knowledge concerning the law, etc. This, being either for informa-

tive purposes or goals or for liability claims as would be associated.

16) The herein Plaintiff APPEALED his Criminal Judgement

and is now awaiting his scheduled return to the U.S. District Court

(upon remand) of orginal processing. This, for re-sentencing and

for which the above and the herein as well as the alluded to con-

stitutes new, mitigating and valid sentencing elements as should be

-7-

exposed and considered according to law for judicial review.

17) The herein Plaintiff, Lasko needs these associated field reports, and all other data as requested to assist in illustrating his mitigated role in the criminal offense in which he has been implicated and adjudicated in the federal matter as noted. Additionally, this data as sought via civil action can in fact, exonerate the Plaintiff in various aspects of his overall guilt, thereby reducing sentence time or casting doubt on his convicted counts as they stand. Moreover, this same material is vital to illustrate the character, true activities and nature of the Defendant and herein Plaintiff, Lasko as it relates to U.S.S.G. § 3553(a) considerations, etc. So as to not waste further time and court resources, nor cheat justice, or pronounce exaggerated sentence due to ignorance of the facts active.

18) failure to present this mitigating evidence at trial when it was indeed available, yet obscured and occulted by the authorities, indeed constituted gross and outlandish ineffectiveness and unjustness to the verdict of guilt operative upon the Plaintiff himself as an accused party, thereby exposing him to undue prejudice and maltreatment by the court(s). [Via the US 6th Amend.]

## V.  **Argument**

19) The herein Plaintiff does make and so state; a valid and proper claim(s) which rises to such a level in this pleading so as to support judicial decision in his favor by this court, and as is supported by the facts presented, obtainable or otherwise

existant, yet occulted from view purposefully it is surmised. Hence underscoring his need for judicial intervention as is now petitioned.

20) Plaintiff Lasko can and will demonstrate his persistent and continuous requests and later denials of his thereto "liberty interests and rights" searches for the information as outlined here; all for the production of documents vital to his criminal case which has not yet been closed.

21) The Plaintiff was sentenced to a 210 month term of federal imprisonment procedent from the charges as mentioned, and at most was provided with NO EVIDENCE of a continuing, ongoing or otherwise "prior conspiracy" as his charges had detailed, yet failed to substantiate, thereby confusing verdict and later appeals. And, as can be record established (with perjury being also sealed as true) [and constituting NEW EVIDENCE at present for appeals purposes] witness (trial testifying) Helton of record can be demonstrated as being of "unreliable" character and content; as used prior to be disgarded.

22) This entire matter as cited and sought herein is classified for use in "pendancy of appeal"(Direct), as material. And as it relates to an unjust conviction involving a crime which deserves some punishment of the Plaintiff (and Defendant) , but not when and ,as in where this punishment would be based, knowingly, on record-bound yet hidden material as excised from the case which would have served as highly mitigating or exonerating, and wherein it involves the false usage for sentence of dishonest statements, outright falsehoods or other suspect and demonstrable as such, statements as were used at the Plaintiff criminal trial, originally.

Moreover, these pieces of information and the cir-
cumstances surrounding same should and must be (in the past as they
were not) recognized for and in the interest of fundamental fair-
ness and relevancy as it relates to the Plaintiff still pending
and prejudicially originally tried case, and for all requests as
made for this hidden data in suspect form as were made and can be
proven, etc. [See: Exhibits A and B herein],

## VI.  **Conclusion**

The Defendants as noted herein acted out of their scopes
of employment and official duty, as it would be expected and pres-
umed that they should have shared the data now sought as it com-
posed integral parts of the Plaintiff's then criminal case, and now
is germain to his re-sentencing, yet they did not. This falls as
violations liable and as affixed to the Defendants' official cap-
acities, and individual capacities. With the aforementioned being
in effect to bring these same detailed violations under "color of
law" concepts, and as can be construed under Title 28 USC federally,
and as per the concepts contained in 42 USC; state level proactive
consideration which demonstrate deliberate and indifferent attitudes
and practices by the aforementioned array of Defendants themselves.

That which has been expounded upon here amounts to
not only unethical and law-circumventing disclosure activity
on behalf of the Defendants named, but also that which approaches
or actually becomes illegal and criminal on their same behalves
as it relates to the mysteriously witheld data, in particular as
related to murder, etc.

-10-

## VII.  **Relief**


The herein Plaintiff, Lasko, only after suffering intense and undue ridicule; causing mental, physical and emotional pain and trauma, psychological trauma and extreme anguish, distress and discomfort as well as outrageous uncertainty*; HEREIN SEEKS COMPENSATORY AND PUNITIVE DAMAGES IN THE AMOUNT OF U.S. $ 500,000.00 **and or all documents as noted and presented, as presented in, attested to or otherwise detailed and alluded to** by the herein argumentation, Exhibits tally or other so noted date for this same purpose. This(these) remedies and or any and all remedies as deemed fit and proper by this Honorable Court.

Relief is sought and as is deemed just to remedy the Plaintiff's instant federal, criminal adjudication process; particularly so as it relates to his "re-sentencing" which is pending at the District Court level, presently **WHILE ALSO PROVIDING THE PLAINTIFF; Lasko WITH PROPER COMPENSATION AND STRUCTURE FOR DECISION IN THIS CASE AND SUIT.** [ * Together with nearly irrepairable harm to his criminal case ]


So Stated On This __*10*__ Day Of _April_, 2007 and as filed with this action BY: _____ Pro-Se

LARRY LYLE LASKO, PLAINTIFF
REG# 11894-052
FCI Schuylkill
POB 759
Minersville, Pa. 17954



**U.S. Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*P.O. Box 7198*                                    *315-448-0672*
*100 South Clinton Street*                  *FAX: 315-448-0646*
*Syracuse, New York 13261*

April 3, 2007

Larry Lyle Lasko
11894-052
FCI Schuykill
P.O. Box 759
Minersville, PA 17954

Re:   **Freedom of Information Request**

Dear Mr. Lasko:

This is to acknowledge receipt of your undated Freedom of Information request addressed to the U.S. Attorney's Office which was received by this office on April 2, 2007.

Pursuant to federal regulation 28 C.F.R. § 16.3, your request has been forwarded to the Department of Justice FOIA Unit in Washington, D.C. for processing. All other correspondence to you will be from that office. Further inquiries may be addressed to:

Executive Office for U.S. Attorneys
FOIA/PA Unit
BICN Building, Room 7100
600 E. Street, N.W.
Washington, D.C. 20530
202-616-6757
Fax 202-616-6478

Sincerely yours,

**GLENN T. SUDDABY**
United States Attorney

By:   Lynda C. Kenny
Paralegal Specialist

*[Handwritten notes, left side:]*
Prior Atempts

Plaintiff, Lasko, had
Originaly Filed his
requst with D.C.
on
Oct 25, 2005
mailed
OcT 27, 2005
appealed
Nov 17, 2005 "No File"
See Ex A2

*[Handwritten/stamped, right side:]*
07 0787
**FILED**
APR 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit X
A2

- 1 -

\# 1·1



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 09, 2005

Mr. Larry Lasko
**11894-052
Federal Correctional Institution Schuylkill
Post Office Box 759
Minersville, PA 17954-0759

*1032817*

Dear Mr. Lasko:

    A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning yourself an other individuals, is being returned to you.

    Before we commence processing your request for records pertaining to yourself and other individuals, we ask that you submit to the FBI either proof of death or a privacy waivers from those persons. Proof of death can be a copy of a death certificate, obituary or a recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Without proof of death or a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

    Enclosed is a Privacy Waiver and Certification of Identity form. The subject of your request should complete this form and then sign it. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the Record/Information Dissemination Section at 202-324-3752.

    In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

    Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

    This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

                 Sincerely yours,

                 David M. Hardy
                 Section Chief,
                 Record/Information
                   Dissemination Section
                 Records Management Division

Enclosures (2)

**All Attached Correspondence Must Be Returned to the FBI With This Letter**



*FO I appeal*
*mailed out.*
*11-17-05*

*A 2*

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*November 14, 2005*

MR LARRY LYLE LASKO
**11894-052
POST OFFICE BOX 759
MINERSVILLE, PA 17954

Request No.: 1032817- 000
Subject: LASKO, LARRY LYLE

Dear Mr. Lasko:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

Based on the information furnished, a search of the automated indices to our central records system files at FBI Headquarters located no records responsive to your FOIPA request to indicate you have ever been of investigatory interest to the FBI. The automated indices is an index to all records created since January I, 1958, in security, applicant, and administrative matters, as well as to all records created since January 1, 1973, in criminal matters.

If you have reason to believe records responsive to your request exist prior to the above dates, you will have to request another search. In order to respond to our many requests in a timely manner, our focus is to identify responsive records in the automated indices that are indexed as main files. A main index record carries the names of subjects of FBI investigations.

Although no main file records responsive to your FOIPA request were located in our automated indices, we are required to inform you that you are entitled to file an administrative appeal if you so desire. Appeals should be directed in writing to the Co-Director, Office of Information and Privacy, U. S. Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Information Appeal." Please cite the FOIPA request number assigned to your request so that it may easily be identified.

Should you desire a check of our field office files, it will be necessary for you to direct your request to the appropriate field office.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

*See other side for letter To Appeal*

*- 3 -*



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

NOV 3 0 2005

Mr. Larry L. Lasko
Register No. 11894-052
Federal Correctional Institution - Schuylkill
P.O. Box 759
Minersville, PA 17954-0759

   Re: Request No. 1032817

Dear Mr. Lasko:

   This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on November 25, 2005.

   The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0578**. Please mention this number in any future correspondence to this Office regarding this matter.

   We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

       Sincerely,

       Priscilla Jones
       Chief, Administrative Staff

To, Priscilla Jones                    Feb 22, 2006
Chief, Administrater Staff
U.S Department of Justice
Washington, D.C. 20530


Re: Request No. 1032817,
    assigned No. 06-0578 appeal



   I am writing in concerns, on the status of
my, FOIL, appeal. In request of the Imparcial
Investagations. dateing back to, December 2001.
In The areas of: Broome, Tioga, New York
Countys of.

   Please beadvised That, I was laybled
as the Ringleader of an ongoing conspirisy
involving: Robert Riccis Leo Camp. J.
Stephan Norton. and Billy Johnson.
Mark Helton, Edward Baily. I need
These reporTs. Please provide me
with the means on how To get them
if not by court order, or order To
Show cause.

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAR 2 8 2006**

Mr. Larry Lasko
Register No. 11894-052
Federal Correctional Institution
Post Office Box 759
Minersville, PA  17954-0759

      Re:  Appeal No. 06-0578

Dear Mr. Lasko:

      This responds to your letter dated February 22, 2006, regarding the status of your administrative appeal from the action of the Federal Bureau of Investigation.

      Your administrative appeal is still within our current backlog and has not yet been assigned to an attorney of this Office for processing.  Due to the large number of appeals received by this Office and the individual review given to each, it is very difficult to predict accurately when a determination will be reached on your appeal.  However, based on the average review time, we anticipate that the delay will extend at least for several weeks.

      I hope this information is of assistance to you, and again, request your continued patience.

                        Sincerely,

                        Priscilla Jones
                        Chief, Administrative Staff

PAJ:CIH



Larry Lyle Lasko
Register No. 11899-052
F C I Schuylkill
P.O. Box 759
Minersville, PA 17954-

Re: Appeal No. 06-0578

November 13, 2006

Dear miss, Priscilla Jones

I am writing To you in hopes To find some progress in The STatus of my Administrative appeal

As to the prior investagations daTed on and before January 29, 2003. at one Year Prior dated back two 2002. This is based on a methamphetmine conspericy in Broome, Tioga N.Y. under the names of : Leo Cuep Jr, Robert Ricci, James Card, William Jhonston, William Hadlock, Edward Baily, Donald House Jr, Stephanie Norton, mark Helton, Penny Helton, James Bodgers, Jr, Cassandra Kuttel, The Business of Quick Lunch Diner Located in Newark Valley, New York, Shane Alburn, and Larry Lyle Lasko. et, al #3:03-m-34

Please help me with this infornation, I am patiently awaiting y. responds

Sincerely,

Larry L Lasko

Social Security No. 2 2 6 1 6020

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

No Response

DEC 27 2006 / Received Jan 4, 2007

Mr. Larry L. Lasko
Register No. 11894-052
Federal Correctional Institution              Re:    Appeal No. 06-0578
Post Office Box 759                                   Request No. 1032817
Minersville, PA 17954-0759                           ADW:DJS

Dear Mr. Lasko:

    You appealed from the action of the Headquarters Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself and to several named third parties.

    After carefully considering your appeal, I am affirming the FBI's action on the portion of your request concerning records about yourself. The FBI informed you that it could locate no records responsive to your request in its automated indices. Subsequent to your appeal, the FBI conducted additional searches of its automated indices for records responsive to your request. No responsive main files or cross-reference files were located as a result of this second search. I have determined that the FBI's response was correct.

*    Although the FBI could locate no records responsive to this portion of your request at its Headquarters Office, my staff has looked into this matter and found that the Philadelphia Field Office might have such records. If you have not done so already, I suggest that you submit a new request directly to the Philadelphia Field Office for main and cross-reference files in your name. See 28 C.F.R. §§ 16.3(a), 16.41(a) (2006) (requests for records held by FBI field offices must be submitted to the field offices directly). You may appeal any future adverse determination made by the FBI. The address for the Philadelphia Field Office is:

                    Federal Bureau of Investigation
                    Philadelphia Field Office
                    The William J. Green Jr.
                        Federal Office Building
                    Suite 600
                    600 Arch Street
                    Philadelphia, PA 19106

    Finally, I note that the FBI's response did not address the portion of your request pertaining to several named third parties. Without consent, proof of death, official

Exhibit A 2

-2-

acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of particular law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C).

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Jan , 2007

Foil's sent To: 1, 2, 3, 7, 5, Below, lately 6 (7)

(1.) Vestal Police
(eg) Justice Department
   Vestal Town Hall
   Route 434 West 17c
   Vestal, N.Y. 13850
   No Response

(2), New York State Police
(eg) Justice Department
   Owego Town Hall
   RR 1 Box 1240-A
   Route 434 West 17c
   ~~Owego~~
   Apalachin, N.Y. 13732-9801
   No Response

(3), Tioga County Sheriff's
(eg) Justice Department
   103 Corrporate Drive
   Owego, N.Y. 13827
   APPEALED

(4), Drug Enforcement Administration
(eg) Justice Department
   103 Corrporate Drive
   Owego, N.Y. 13827
   No Response

(5), Broome County Sheriffs
(eg) Justice Department
   Public Safety Building
   Front Street
   Binghamton N.Y. 13905
   APPEALED

(6.) F.B.I. / Philadelphia Office

Search for:
UNDER THE NAMES OF:
Lee Camp Jr., Robert Ricci,
Tomes Card, William Thenton,
William Hadlock, Edward Baily,
Donald House, Stephanie Norton,
Mark Helton, Penny Helton,
James Rodgers Jr., Cassandra kattel,
The Business of "Quick Lunch Diner"
Located in Newark Valley, New York,
Shane Alburn, ~~Travis Lafemer~~,
and, David Lowin.

(7) AUSA, thomas P. Walsh  Fof Case File only
   15 Henry st
   319 Federal Building
   Binghamton, N.Y. 13901
   7005 1160 0004 9368 7414   (march 28, 07)
   Date Mailed:
   January 5, 2007   07 078

**FILED**

APR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Larry L. Lasko
Defendant
#11897-052

Exhibit
B

* See
Attachment one

ORIGINAL

# United States District Court

### NORTHERN   DISTRICT OF   NEW YORK

UNITED STATES OF AMERICA

**CRIMINAL COMPLAINT**

v.

LAWRENCE L. LASKO, DOB: 11-10-57    CASE NUMBER: 3:03-m-34
991 Smith Creek Road, Nichols, NY                                    (GLS)
MARK A. HELTON,   DOB: 1-20-67
975 Smith Creek Road, Nichols, NY

U.S. DISTRICT COURT - N.D. of N.Y.
**FILED**
JAN 3 0 2003
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Binghamton

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between in and about  June of 2002 through and continuous thereafter up to on or

 about January 29, 2003  in the Northern District of New York,  the defendant(s) did: unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons, to manufacture, distribute, and possess with intent to distribute the controlled substance methamphetamine, a Schedule II controlled substance, and the quantity of methamphetamine involved in the conspiracy was 500 or more grams,

in violation of Title ___21___ United States Code, Section(s) _846, 841(a)(1) and 841 (b)(1)A_.

I further state that I am an  Investigator assigned to New York State Police CNET-Southern Tier  and that

this complaint is based on the facts set forth in the copy of my attached Affidavit supporting an application for issuance of certain New York State Search Warrants. My Affidavit includes copies of sworn statements of defendants LAWRENCE L. LASKO and MARK A. HELTON.

ATTACHMENTS ARE MADE A PART OF THIS APPLICATION.

Inv. Scott M Pauly

INV. SCOTT PAULY
Signature of Complainant

**FILED**
07 0787
APR 3 0 2007

Sworn to before me, and subscribed in my presence,

_January 30, 2003_                            at  Binghamton, New York
Date                                                            City and State

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GARY L. SHARPE, U.S. MAGISTRATE JUDGE                   Gary L.                 Exhibit
Name and Title of Judicial Officer                                     Signature         C

Cover Page

## REPORT OF INVESTIGATION

Page 1 of 3

| 1. Program Code | 2. Cross File | Related Files | 3. File No. CO-03-0048 | 4. G-DEP Identifier NCA2L |
|---|---|---|---|---|
| 5. By: SA Brian S. Besser At: Syracuse, New York Resident Office Group D-53 | ☐ ☐ ☐ ☐ ☐ | | 6. File Title LASKO, Larry et al. | |
| 7. ☐ Closed  ☐ Requested Action Completed   ☐ Action Requested By: | | | 8. Date Prepared 03/28/03 | |
| 9. Other Officers:    AUSA Tom Walsh and Inv. Scott Pauley (NYSP). | | | | |

| 10. Report Re:    Initial debriefing of Mark HELTON on 2/3/2003. |
|---|

### SYNOPSIS

1.    On Monday, February 2, 2003, investigators met with case defendant
Mark HELTON for the purpose of debriefing him in regard to his involvement
in the clandestine manufacture and sale of METHAMPHETAMINE.  HELTON was
represented by his attorney, Mr. Christopher Simser, who was present.
Case prosecutor, AUSA Tom Walsh advised HELTON of the terms of the
interview.  The interview commenced at approximately 12:30 pm, and was
conducted by SA Besser and Inv. Scott Pauley (NYSP).

### DETAILS

2.    In approximately June of 2002, Mark HELTON, his wife **Pennie HELTON**,
and a friend of theirs named **Casandra KITTLE** were introduced to
METHAMPHETAMINE (hereafter referred to as METH) by acquaintances named
**Leo CAMP** and **Robert RIKKI**.  The HELTON's and KITTLE co-own and operate a
small restaurant named the **R & L Quick-Lunch Diner** on Main Street in
Newark Valley, NY.  RIKKI knew that HELTON lived next-door to a friend of
his named **Larry LASKO** who also used METH.  HELTON stated that CAMP and
RIKKI would come into the diner and give them METH, and they would smoke
it together back in the kitchen.  HELTON further knew that both RIKKI and
CAMP cooked the METH that they sold.  RIKKI learned how to cook from
CAMP, and RIKKI cooked next-door at LASKO's residence.  RIKKI's cell phone
number is (607) 743-0435.

3.    HELTON began hanging out with RIKKI and LASKO at LASKO's residence
(1009 Smith Creek Road), and assisted them in the manufacture of METH.

| 11. Distribution: Division SARI District Other   UID | 12. Signature (Agent) SA Brian S. Besser | 13. Date 03/28/03 |
|---|---|---|
| | 14. Approved (Name and Title) J. Brian Robb Group Supervisor | 15. Date |

DEA Form    - 6
(Jul. 1996)

bsb

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

GEN. 18 REV.12/97E
## STATEMENT CONTINUATION SHEET

DATE    01/29/03

NAME Mark A Helton

cooked in his house as well. I have seen Labs in Larrys house. With in the last two weeks he has been working on some sort of ventilation system in the place. His house always smells real bad. It stinks. Today at about 8:00PM, I saw Ricky arrive at Larrys house in a green pick up truck. When Ricky went to Larrys house, he was carrying a big bag. It looked like a long gym bag. Ricky was at Larrys for about an half hour and then left. My buddy Shane stopped at my house. I don't know his last name. I met him through Ricky. Shane is a user as well. He just stopped to see what was up. Shane left and went to Larrys. Shane and Larry went shopping for stuff to *cook crank*. Around 2:30 or 3:00PM, Larry called my house asking for a ride. He had run out of gas on Rt. 17. I agreed to pick him up at the Lounsbury truck stop. I fixed them up with gas. Larry went home and I arrived back home a few minutes after him. Shane was back at my house. Larry seemed to be tweaking out. Shane and I went to check on Larry at his house and left. Shane left my hose and I went to check on Larry again. When I did, I smelled a strong odor coming from the trailer that they cook in. I looked in the trailer. I saw a big bucket on the floor and it was smoking real bad. It smelled bad and I couldn't see anything at all. My eyes were burning bad. I ducked away from the trailer door and turned to walk away from it. I got clear from it and then saw the State Police investigator in the yard. I agreed to come to the Troop Station in Owego with them.    I have also agreed to co operate with them and I give this Statement to Inv. Cave on my own free will.

## NOTICE PENAL LAW SECTION 210.45

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the state of New York punishable as a Class A Misdemeanor.

2 of 3

-1-

~~Meeting w/ Stephanie Norton~~                          8/29/03
                                                         12 PM

                                                    AUSA WALSH
                                                    SA BESSER
                                                    INV. HOGAN

- Tommy (son) of Larry Lasko (3mo. old)

- Grew up in Laraysville, PA — Norton has known Lasko since
  12 yoa. Also grew-up w/ [Robert Rikki]

- ~~has~~ Rikki involved in weed, crack, meth

2001 — Rikki was taught by [Leo Camp] & his girlfriend ▓▓▓
        Manufactured @ [Tom Card's] in barn w/ Rikki

- 500 pill - 1000 pills batch   # 1/10 profit for ounce

Early
2002 — Rikki starts cooking at Lasko's house

- [Helen] A "gun-nut" always carried a rifle around the house;
  Lasko a "door-matt" & Helen was the seller — Helen pointed
                                                gun @ Norton.

- [Penny Helton] made her own batches & sold w/ Mark.

2002 — 6/28 Norton out of Jail & back to Lasko's; still meth at the
        house being made. Norton back in Jail in October.
        (June to October Lasko cooked meth entire time —
        Helen at least 2x week
        * Full-time activity)

- Norton found out about pregnancy in 9/2002
  in Jail for (1) week in 10/02 & out on Halloween — Lasko/Helton
  still cooking in November.

NAMES
OTHER Δ's
Shane ▓▓▓
Tom Card
Leo Camp
Dan House
Billy Johnston
▓▓▓

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

      -against-

JOHN DOE,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - -

GRAND JURY MINUTES

May 15, 2003

| | PAGES: |
|---|---|
| WITNESS: | 2-46 |
| 1. Patrick K. Hogan | |

| EXHIBITS: | | PAGES: |
|---|---|---|
| 1 | Supplemental report | 6 |
| 2 | Voluntary statement by Larry Lasko | 13 |
| 3 | Search warrant | 24 |
| 4 | Photograph | 25 |
| 5 | Photograph | 28 |
| 6 | Photograph | 28 |
| 7 | Photograph | 28 |
| 8 | Photograph | 28 |
| 9 | Photograph | 28 |
| 10 | Photograph | 28 |
| 11 | Photograph | 31 |
| 12 | DEA report | 39 |
| 13 | State Police field notes in written form | |

**FILED**

APR 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 0787

Exhibit D

-1-

Examination of Patrick Hogan

1   fertilizer?

2       A.   Yes, it is.

3       Q.   Investigator Hogan, I'd like to direct

4   your attention to January 29th of this year and ask

5   you if you personally became involved that day in the

6   investigation of, among other persons, a person that

7   you know as Lawrence Lasko?

8       A.   Yes.

9       Q.   Would you testify as to how you became

10  involved on the 29th in the investigation that

11  ultimately led to the arrest of Mr. Lasko?

12      A.   Yes.  I was at the CNET Southern Tier

13  office involved in a separate case when the call

14  came in from a trooper in Owego stating that he had

15  stopped a vehicle.  The persons in that vehicle were

16  identified to CNET and they were previously targets

17  of a manufacturing investigation.

18      Q.   Are you aware as to whether or not there

19  was a New York State Police investigative report

20  generated in connection with the events of January

21  the 29th?

22      A.   Yes, there was.

23      Q.   Have you had an opportunity to review that

24  report before you came before the grand jury today to

— 2 —

COPY

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 21 2004
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Binghamton

3  - - - - - - - - - - - - - - - - - - - - - - -

4

5  UNITED STATES OF AMERICA,

6                    -versus-                    03-CR-210

7  LAWRENCE L. LASKO,

8                              Defendant.

9

10  - - - - - - - - - - - - - - - - - - - - - - -

11

12              TRANSCRIPT OF PROCEEDINGS

13  held in and for the United States District Court, Northern

14  District of New York, at the Federal Building and

15  Courthouse, 15 Henry Street, Binghamton, New York, on

16  MONDAY, October 20, 2003, before the HON. THOMAS J. McAVOY,

17  United States District Court Judge, PRESIDING.

18

19

20

21

22

23

24

25

07 0787
FILED
APR 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit E

              VICKY ANN THELEMAN, RPR, CRR
              UNITED STATES DISTRICT COURT

Scott Pauly - Cross

1    Q    What vehicle was she driving?

2    A    Her own personal vehicle.

3    Q    Do you recall what kind of vehicle it was?

4    A    No, I don't recall.

5    Q    Do you recall whether this was a truck or a car?

6    A    It was a car.

7    Q    Okay.  And how many vehicles were parked out front

8    of the Helton residence when you got there?

9    A    I don't really recall.  Possibly two or three.

10   Q    And were they allowed to go home that night she

11   went down to the station with her infant, where did they go?

12   A    I believe they went to her parents.

13   Q    They weren't allowed to go back to their house?

14   A    No.  That was secured for, you know, purposes of

15   the search warrant.

16   Q    Now, you indicated prior that you were aware of

17   Lawrence Lasko, is that right?

18   A    Yes.

19   Q    And that there was some investigation that was

20   going on prior to this incident regarding Lawrence Lasko?

21   A    Yes.

22   Q    Was there an investigation going on involving Marc

23   Helton?

24   A    Yes.

25   Q    How about a Robert Ricky?

E

Scott Pauly - Cross

1    A    Yes.

2    Q    Leo camp?

3    A    Not associated with Mr. Lasko or Mr. Helton or

4  Mr. Ricky, but there was a separate investigation.  I

5  wouldn't really say investigation.  We knew of Mr. Camp and

6  if his name came up, we would play close attention to that.

7  Absolutely.

8    Q    You're familiar with Robert Ricky?

9    A    Yes, I am.

10   Q    Isn't he on the level, one to ten, on the Tioga

11  most bad guys?  He's like number one when it comes to

12  methamphetamine, isn't that right?

13   A    I'd consider anyone that's manufacturing

14  methamphetamine to be number one, really.

15   Q    That's nice but isn't he one of the main guys out

16  there you've been looking for and actually did catch?

17   A    There's probably, if I had to guess, I'd say

18  there's probably 10 or 15 guys manufacturing methamphetamine

19  in Tioga County/Chemung county area.

20   Q    You didn't have any special knowledge Robert Ricky

21  was the one going around training other individuals how to

22  make methamphetamine?

23   A    I had information that he was.  Freeman Smith.  I

24  could go on.  The list is endless that are going around

25  teaching people.  If you spend the night in Tioga County