UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY LYLE LASKO )<br>           Plaintiff, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT ADMN., )<br>           Defendant. )<br>_____ ) | Civ. No. 07-0787 (ESG) |

**DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Federal defendant, the Drug Enforcement Administration (DEA) through its undersigned attorneys, respectfully moves to dismiss plaintiff's complaint or, in the alternative, for summary judgment. Submitted in support of this motion are Defendants' Memorandum of Points and Authorities, Statement of Facts Not In Dispute and the attached declaration of Leila I. Wassom, Drug Enforcement Administration Paralegal Specialist.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be

supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY LYLE LASKO                )
         Plaintiff,        )
                                )
    v.                          )    Civ. No. 07-0787 (ESG)
                                )
DRUG ENFORCEMENT ADMN.,         )
         Defendant.        )
_____)

**STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

    Defendants submit this statement of material facts as to which there is no genuine dispute in accordance with Local Rule 7.1(h).

    1.  The DEA has no record of the receipt of a Freedom of Information Act request from plaintiff.  Wassom Dec. at ¶ 12-14.

                      Respectfully submitted,

                      _____
                      JEFFREY A. TAYLOR, D.C. Bar No. 498610
                      United States Attorney

                      _____
                      RUDOLPH CONTRERAS, D.C. Bar No. 434122
                      Assistant United States Attorney

                      _____
                      RHONDA C. FIELDS
                      Assistant United States Attorney
                      Civil Division
                      555 Fourth Street, N.W.
                      Washington, D.C.  20530
                      202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY LYLE LASKO            )
        Plaintiff,   )
                            )
v.                          )   Civ. No. 07-0787 (ESG)
                            )
DRUG ENFORCEMENT ADMN.,     )
        Defendant.   )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff *pro se* is a prisoner incarcerated in the FCI Schuykill in Minersville, Pa. Complaint at ¶ II.1).

Defendant, the Drug Enforcement Administration, believes from reviewing plaintiff's complaint, that the facts underlying his complaint are the alleged lack of responses to his requests for information pertaining to his criminal prosecution.

### STATEMENT OF FACTS

**NO RECORD OF FOIA REQUEST**

The DEA conducted a good faith search to ascertain whether it had any record of plaintiff making a Freedom of Information Act (FOIA) request. There is no record of any FOIA request to the DEA from plaintiff. Wassom Dec.

Attached to plaintiff's complaint, as Exhibit B, is a list of seven (7) numbered entities to which plaintiff allegedly sent FOIA requests. Number 4 is the "Drug Enforcement

1

Administration, Justice Department, 103 Corrporate (sic) Drive, Owego, NY 13827." The address to which the plaintiff allegedly sent his FOIA request is not the address that Department of Justice (DOJ) regulations provide as the address to which a FOIA request to DEA must be sent. *Id* at ¶5. The Department of Justice Agency Rules, 28 C.F.R. § 16.3(a), provide, in part, that a FOIA request should be sent to the component's central FOIA office at the address listed in appendix I of part 16, or to the FOIA/PA Mail Referral Unit of the Department of Justice, if the requester cannot determine where in DOJ to send the request. *Id*. at ¶ 6. Appendix I, cited in 28 C.F.R. § 16.3(a), identifies the appropriate address for DEA FOIA requests as "Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001. The address is the one at which the DEA Freedom of Information Operations Unit (SARO) receives mail. *Id*. at ¶ 7.

    SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. *Id*. at ¶ 8. SARO uses a computer based system to track FOI/PA requests received by DEA. This system is referred to as EFOIA. For each request received, DEA enters into the EFOIA database the name of requester, the assigned request number, the requester's date of birth and social security number. Each request received is entered into the system once it is reviewed. *Id*. at ¶ 9.

    Information about a request, including the DEA FOIA case number, is retrieved by entering the name of the requester. When the name of the requester is entered, the result will be a positive or negative response from the system. *Id*. at ¶ 10. When there is a positive response, the system will list all DEA FOIA request numbers that relate to the requester in the *Matching Cases* box. If the case has been appealed to the Department of Justice, Office of Information and Privacy, an "X" will appear by the *Appeal Opened* date box. When there is a negative response,

no information will appear. *Id*. at ¶ 11.

Ms. Wassom conducted a search of the EFOIA database on October 1, 2007. She entered the plaintiff's first and last name in the designated name field. The database found no matching requests received from the plaintiff. *Id*. at ¶ 12. Thus, DEA has no record of the receipt of a request from the plaintiff. *Id*. at ¶ 13. As of the date of the complaint, the DOJ, Office of Information and Privacy has no record of receipt of an appeal from the plaintiff regarding a DEA FOIA/PA request. *Id*. at ¶ 14. Thus, SARO has no record of receipt of a FOIA request from the plaintiff. *Id*. at ¶ 15.

## STANDARD OF REVIEW

**Motion to Dismiss**

Defendant moves for dismissal of plaintiff's complaint under Rules 12(b)(1),and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.

In making determinations on a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Nix v. Hoke*, Civil Action No. 1:98CV03039(ESH), 2001 WL 432417 (D.D.C. April 26, 2001), *citing, Weyrich v. The New Republic, Inc.*, 235 F.3d 617, 623 (D.C. Cir. 2001); *see also, Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998). A complaint should be dismissed if it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-56.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

3

12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. *Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See id.*

Applying these standards demonstrates that Plaintiff's complaint should be dismissed in entirety.

**Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show, if applicable, that the documents are exempt from disclosure. *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgment may be awarded to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by

evidence ... of bad faith on the part of the agency.'" *Public Citizen, Inc. v. Dept. of State*, 100 F.Supp.2d 10, 16 (D.D.C. 2000)(reversed in part on different issue by 276 F.3d 634 (D.C.Cir.2000) (quoting *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).

Specifically, summary judgment is available to a defendant agency upon proof that it has fully discharged its obligations under FOIA. *Miller v. U.S. Dept. of State*, 779 F.2d 1378, 1382 (8th Cir. 1985.) The declaration in this matter was provided by an individual familiar with the steps taken by defendant in researching plaintiff's purported FOIA request. Since it demonstrates that the defendant met its obligations under the FOIA, and the pleadings and other filings show no genuine issue as to any material fact, defendant is entitled to judgment as a matter of law, and summary judgment should be granted to defendant.

## ARGUMENT

Plaintiff asserts that he is seeking relief because of his inability to obtain requested information. Therefore, his claim is one which falls under the Freedom of Information Act. "FOIA established a comprehensive statutory scheme to resolve all issues associated with the release of documents." *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir 2002).

## FOIA

A plaintiff in a FOIA case must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)); see 5 U.S.C. § 552(a)(4)(B). Plaintiff has failed to show that defendants improperly withheld agency

5

records.  *United States Dep't of Justice v. Tax Analysts*, 492 U.S. at 142.

**Plaintiff's Claim Must Be Dismissed For Failure To Exhaust Administrative Remedies**.

Exhaustion of administrative remedies is a well-established doctrine in administrative law that provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  *McKart v. United States*, 395 U.S. 185, 193 (1969) (*citing Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41, 50-51 (1938)).  "It goes without saying that exhaustion of administrative remedies is required in FOIA cases. . . 'exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review.'"  *Dettmann v. U.S. Department of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (*quoting Stebbins v. Nationwide Mutual Insurance Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985)).   See also *Spannaus v. Department of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987); *In re motion to Compel filed by Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985).  FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies.  *Tuchinsky v. Selective Serv. System*, 418 F.2d 155, 158 (7th Cir. 1969). Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction.  *See, e.g., Dettmann v. Department of Justice*, 802 F.2d 1472, 1477 (D.C. Cir.  1986); *Hymen v. Merit Sys. Protection Bd.*, 799 F.2d 1421, 1423 (9th Cir. 1986); *Brumley v. Department of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).

A FOIA requester fails to exhaust administrative remedies whenever the requester does

not comply with the administrative process set forth under the FOIA. *See, e.g. Oglesby v. U.S. Dept. of the Army*, 920 F.2d 57 (D.C. Cir. 1990).

**No FOIA request for the information at issue**.

The initial requirement for making a proper request is that it reasonably describe the records sought and be made in accordance with the agency's published FOIA regulations. 5 U.S.C. §552(a)(3). In this case, as is detailed above, there is no evidence that plaintiff sent a FOIA request to DEA at an address prescribed by the pertinent regulations, and there is no record that DEA received a FOIA request from plaintiff to the DEA for the information referenced in his complaint. "Failure to submit a proper request is a failure to exhaust administrative remedies and deprives the court of jurisdiction." *Wicks v. Coffrey* 2002 WL 1000975, *2 (E.D.La. 2002) citing *T.C. Kessler v. United States.* 899 F.Supp. 644, 645 (D.D.C.1995).

## CONCLUSION

For the reasons set forth above, plaintiff's complaint should be dismissed or, in the alternative, summary judgment should be granted to defendant.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____/s/_____
RUDOLPH  CONTRERAS, D.C. Bar No.  434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of October, 2007, a copy of the foregoing motion to dismiss or in the alternative for summary judgment was mailed, postage prepaid to plaintiff pro se

LARRY LYLE LASKO
R11894-052
SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 759
MINERSVILLE, PA 17954


_____/s/_____
Rhonda C. Fields
Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

LARRY L. LASKO, )
)
)
Plaintiff, )
)
v. )
) Civil Action No. 07-0787 JR
DRUG ENFORCEMENT ADMINISTRATION, )
)
Defendant. )
)

DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review, for litigation purposes, both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions, for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action.

## NO RECORD OF RECEIPT OF A REQUEST FROM THE PLAINTIFF

5. As the complaint relates to DEA, it is my understanding that the plaintiff complains that DEA failed to respond to his FOIA request. Attached to his complaint, as Exhibit B, is a list of seven (7) numbered entities. Number 4 is the "Drug Enforcement Administration, Justice Department, 103 Corrporate (sic) Drive, Owego, NY 13827." The address to which the plaintiff allegedly sent his FOIA request is not the address that Department of Justice (DOJ) regulations provide as the address to which a FOIA request to DEA must be sent.

6. The Department of Justice Agency Rules, 28 C.F.R. § 16.3(a), provide, in part, that a FOIA request should be sent to the component's central FOIA office at the address listed in appendix I of part 16, or to the FOIA/PA Mail Referral Unit of the Department of Justice, if the requester cannot determine where in DOJ to send the request.

7. Appendix I, cited in 28 C.F.R. § 16.3(a), identifies the appropriate address for DEA FOIA requests as "Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001. The address is the one at which the DEA Freedom of Information Operations Unit (SARO) receives mail.

8. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the documenting requests receipt of, the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

9. SARO uses a computer based system to track FOI/PA requests received by DEA. For each request received, DEA enters into the EFOIA database the name of requester, the assigned request number, the requester's date of birth and social security number. Each request received is entered into the system once it is reviewed.

10. Information about a request, including the DEA FOIA case number, is retrieved by entering the name of requester. When the name of the requester is entered, the result will be a positive or negative response from the system.

11. When there is a positive response, the system will list all DEA FOIA request numbers that relate to the requester in the *Matching Cases* box. If the case has been appealed to the Department of Justice, Office of Information and Privacy, an "X" will appear by the *Appeal Opened* date box. When there is a negative response, no information will appear.

12. I conducted a search of the EFOIA database on October 1, 2007. I entered the plaintiff's first and last name in the designated name field. The database found no matching requests received from the plaintiff.

13. Thus, DEA has no record of the receipt of a request from the plaintiff.

14. As of the date of the complaint, the DOJ, Office of Information and Privacy has no record of receipt of an appeal from the plaintiff regarding a DEA FOIA/PA request.

15. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties. Thus, SARO has no record of receipt of a FOIA request from the plaintiff.

I declare under the penalty of perjury that the foregoing is true and correct.

10-18-07
DATE

Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY LYLE LASKO )<br>    Plaintiff, )<br> ) | |
| v. ) | Civ. No. 07-0787 (ESG) |
| ) | |
| DRUG ENFORCEMENT ADMN., )<br>    Defendant. )<br>_____ ) | |

ORDER

Upon consideration of the defendant's motion to dismiss or ,in the alternative, for summary judgment, and the response thereto, it is hereby

ORDERED that defendant's motion is GRANTED and the complaint is DISMISSED.

Date:                           _____
                                UNITED STATES DISTRICT COURT JUDGE